UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| LINDA GARTNER, | ) |
| Plaintiff, | ) Cause No.: |
| v. | ) Jury Trial Demanded 4:17CV-02158 |
| DUBUQUE PAINT EQUIPMENT SERVICES, INC., <br> SERVE: DENNIS COPELAND <br> 595 Huff Street, Unit A <br> Dubuque, Iowa 52003 | ) |
| and | ) |
| KIM ROSS, <br> SERVE: KIM ROSS <br> 1926 Beckwith Avenue <br> Madison, Illinois 62060 | ) |
| and | ) |
| ROY BRICE, <br> SERVE: ROY BRICE <br> 2200 Brown Street, #104 <br> Waxahachie, Texas 75165 | ) |
| and | ) |
| KLLM TRANSPORTATION SERVICES, L.L.C., <br> SERVE: CAMERON SEWELL <br> 2100 Ross Avenue, Ste. 2600 <br> Dallas, Texas 75201 | ) |
| Defendants. | ) |

## **COMPLAINT**

COMES NOW Plaintiff, Linda Gartner, by and through her attorneys, DeFeo & Kolker, L.L.C., and Brent E. Labovitz, and for her claims against the Defendants, states as follows:

{481511 / 090052}

## JURISDICTION AND VENUE

1. At all times relevant herein, Plaintiff Linda Gartner was a resident in the State of Missouri.

2. At all times relevant herein, Defendant Dubuque Paint Equipment Services, Inc. (hereinafter "Dubuque") is and was a for-profit company with headquarters located in the State of Iowa.

3. At all times relevant herein, Defendant Kim Ross was a resident of the State of Illinois.

4. At all times relevant herein, Defendant KLLM Transportation Services, Inc., (hereinafter "KLLM") is a for-profit company with headquarters located in the State of Mississippi.

5. At all times relevant herein, Defendant Roy Brice was a resident of the State of Texas.

6. On or about September 12, 2016, Plaintiff was driving a motor vehicle west on Interstate 70, at or near its intersection with Missouri Highway 19 and was stopped due to traffic, when her vehicle was crashed into from behind by a vehicle being then and there operated by Defendant Ross, causing Plaintiff to sustained permanent, serious and painful injuries and damages as hereinafter set out.

7. Venue is proper in this case because the accident occurred in the Eastern District of Missouri.

8. This court has jurisdiction over this matter pursuant to 28 USC §1332.

## COUNT I – CLAIM AGAINST DEFENDANT KIM ROSS AND DEFENDANT DUBUQUE PAINT EQUIPMENT

9. Plaintiff incorporates and alleges paragraphs 1-8 as fully set forth herein.

10. At all times pertinent herein, Interstate 70, at or near its intersection with Missouri Highway 19, was an open and public street and highway located in the County of Montgomery, State of Missouri.

11. At all times pertinent herein, Defendant Ross was an agent, servant, and employee of Defendant Dubuque, who, at all times pertinent to this lawsuit acted within the course and scope of his employment and agency.

12. Defendant Ross was negligent and failed to exercise the highest degree of care in one or more of the following respects:

    a. Defendant Ross knew or by the use of highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to stop, or swerve, or slack in speed or sounded a warning, or slacked in speed and swerved, or slacked in speed and sounded a warning, but Defendant Ross failed to do so;

    b. Defendant Ross failed to keep a careful lookout;

    c. Defendant Ross failed to yield to the right of way;

    d. Defendant Ross drove at an excessive speed; and

    e. Defendant Ross collided with the rear of Plaintiff's vehicle.

13. Such negligence of the Defendant Ross and Defendant Dubuque, in one or more of the respects submitted above, directly caused or directly contributed to cause Plaintiff Linda Gartner to sustain injuries to her head, neck, and back; medical and other health care related expenses have been

incurred in connection with said injuries, Plaintiff will in the future incur additional monies for further medical care and services; all the aforesaid injuries are permanent and progressive and greatly interfere with Plaintiff's ability to enjoy life; and she has and will continue to suffer pain and discomfort.

WHEREFORE, Plaintiff Linda Gartner prays judgment against Defendants in such amount of money damages that are fair and reasonable under the circumstances, in an amount in excess of the jurisdictional limits of all inferior trial courts, prejudgment interest in accordance with law, costs expended herein and for such other relief as may be appropriate under the circumstances.

### COUNT II – VICARIOUS LIABILITY - DEFENDANT DUBUQUE PAINT EQUIPMENT

14. Plaintiff incorporates and alleges paragraphs 1-13 as fully set forth herein.

15. At all times relevant herein, Defendant Ross' action were done within the scope of his employment and/or agency with Defendant Dubuque and were done as a means of carrying out a job assigned to him by Defendant Dubuque.

16. As such, Defendant Dubuque is vicariously liable for damages.

WHEREFORE, Plaintiff Linda Gartner prays judgment against Defendant Dubuque in such amount of money damages that are fair and reasonable under the circumstances, in an amount in excess of the jurisdictional limits of all inferior trial courts, prejudgment interest in accordance with law, costs expended herein and for such other relief as may be appropriate under the circumstances.

## COUNT III – NEGLIGENCE AGAINST DEFENDANT BRICE

17. Plaintiff incorporates and alleges paragraphs 1-16 as fully set forth herein.

18. On September 12, 2016, Defendant Brice was operating a 2015 Volvo Tracker Trailer attached to a 53-Foot box trailer in interstate commerce.

19. The truck was owned by Defendant KLLM.

20. At all times of this crash and at all time herein mentioned, Defendant Brice was a commercial motor carrier as defined by the Federal Motor Carrier Safety Regulations and subject to said rule and regulations.

21. At all times of this crash and at all times herein mentioned, Brice was required to operate the truck and trailer combination herein in conformance and full compliance with the Federal Motor Carrier Safety Regulations contained and set forth in Title 49, Code of Federal Regulations, in the Sections thereof and set forth herein.

22. At all times of this crash and at all times herein mentioned, Defendant Brice failed to operate the tractor-trailer combination with the highest degree of care as required under Missouri Law and he was therefore negligent in the following respects:

    a. Defendant Brice failed to keep a proper lookout;

    b. Defendant Brice drove at an excessive speed;

    c. Defendant Brice failed to yield the right of way;

    d. Defendant Brice knew or by the use of highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to stop, or swerve, or slack in speed or sounded a warning, or slacked in speed and swerved, or slacked in speed and

{481511 / 090052}

sounded a warning, or swerved and sounded a warning but Defendant Brice failed to do so;

 e. Defendant Brice failed to keep the tractor-trailer combination under proper control;

 f. Defendant Brice operated the tractor-trailer combination without the necessary training, knowledge and/or experience as pursuant to 49 CRF 383.110.

23. Such negligence of the Defendant, in one or more of the respects submitted above, directly caused or directly contributed to cause Plaintiff Linda Gartner to sustain injuries to her head, neck, and back; medical and other health care related expenses have been incurred in connection with said injuries, Plaintiff will in the future incur additional monies for further medical care and services; all the aforesaid injuries are permanent and progressive and greatly interfere with Plaintiff's ability to enjoy life; and she has and will continue to suffer pain and discomfort.

WHEREFORE, Plaintiff Linda Gartner rays judgment against Defendant in such amount of money damages that are fair and reasonable under the circumstances, in an amount in excess of the jurisdictional limits of all inferior trial courts, prejudgment interest in accordance with law, costs expended herein and for such other relief as may be appropriate under the circumstances.

### COUNT IV – VICARIOUS LIABILITY - DEFENDANT KLLM

24. Plaintiff incorporates and alleges paragraphs 1-23 as fully set forth herein.

{481511 / 090052}

25. At all times relevant herein, Defendant Brice's action were done within the scope of his employment and/for agency with Defendant KLLM and were done as a means of carrying out a job assigned to him by Defendant KLLM.

WHEREFORE, Plaintiff Linda Gartner prays judgment against Defendant KLLM in such amount of money damages that are fair and reasonable under the circumstances, in an amount in excess of the jurisdictional limits of all inferior trial courts, prejudgment interest in accordance with law, costs expended herein and for such other relief as may be appropriate under the circumstances.

Respectfully submitted,

DEFEO & KOLKER, LLC

*Brent Labovitz*
Brent E. Labovitz, #61468MO
7700 Bonhomme Ave., Suite 350
Clayton, Missouri 63105
(314) 727-4529 Telephone
(314) 727-8529 Facsimile

{481511 / 090052}